

**Entered on Docket**
**February 11, 2011**

_____
**Hon. Linda B. Riegle**
**United States Bankruptcy Judge**

Kristin A. Schuler-Hintz, Esq., SBN 7171
Sherry A. Moore, Esq., SBN 11215
**McCarthy & Holthus, LLP**
9510 West Sahara Avenue, Suite 110
Las Vegas, NV 89117
NVBK@McCarthyHolthus.com
Phone (702) 685-0329
Fax (866) 339-5691

Attorney for: Secured Creditor,
Bank of New York Mellon, successor in interest to JPMorgan Chase, successor in interest to Bank One, National Association as Trustee for Credit Suisse First Boston Mortgage-Backed Pass-Through Trusts, its assignees and/or successors and the servicing agent Americas Servicing Company

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No.: 10-30481-lbr |
| | ) |
| Victor Davis, | ) Chapter  13 |
| | ) |
|         Debtor. | ) DATE:  01/26/11 |
| | ) TIME:   10:30 am |
| | ) |
| | ) **ORDER WITH RESPECT TO MOTION** |
| | ) **FOR RELIEF FROM AUTOMATIC STAY** |
| | ) |

The Motion for Relief From Automatic Stay came on regularly for hearing at the date and time set forth above before the United States Bankruptcy Court.  Upon review of the Motion and supporting evidence, and good cause appearing, the Court rules as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that commencing 2/1/2011, Debtor shall make regular monthly post-petition payments under the Note and Deed of Trust to Secured Creditor in the sum of $722.97, and continuing on the first day of each month thereafter pursuant to the terms of the Note and Deed of Trust with respect with respect to the real property commonly known as 5285 San Anselmo Street, Las Vegas, NV 89120.

IT IS FURTHER ORDERED that payments shall be made directly to Americas Servicing company, 1 Home Campus X2504-017, Customer Service, Des Moines, IA 50328, with reference to Loan Number XXXXXX7637, or as otherwise directed.

IT IS FURTHER ORDERED that commencing 2/15/2011, and continuing thereafter on the fifteenth day of each month through and including 7/15/2011, Debtor shall make an additional payment each month to Secured Creditor in the amount of $494.82 until current on post-petition payments, fees, and costs. The post-petition delinquency owed to Secured Creditor is $2,968.91 said delinquency amount is subject to verification of receipt and verification of payments and may be adjusted to conform to proof and itemized as follows:

| | | | |
|---|---|---|---|
| 3 Monthly Payments:<br>(11/1/2010 through 1/1/2011) | at | $722.97 | $2,168.91 |
| Bankruptcy Attorney's Fees & Costs: | | | $800.00 |
| **Total Arrearages:** | | | **$2,968.91** |

IT IS FURTHER ORDERED that the Debtor shall have fifteen (15) days from the date if entry of this Order to submit a complete loan modification package with supporting documentation to Secured Creditor, c/o McCarthy & Holthus, LLP, 9510 W. Sahara Ave., Suite 110, Las Vegas, NV 89117.

IT IS FURTHER ORDERED that the Debtor shall timely perform all of their obligations under Secured Creditor's loan documents as they come due, including but not limited to the payment of real estate taxes, maintaining insurance coverage, Chapter 13 Plan payments, and any and all senior liens.

IT IS FURTHER ORDERED that in the event Debtor fails to timely perform any of the payment obligations set forth in this Order, Secured Creditor shall notify Debtor and Debtor's

counsel of the default in writing. Debtors shall have ten (10) calendar days from the date of the written notification to cure the default, plus an additional $100.00 for attorneys' fees.

IT IS FURTHER ORDERED that if Debtor fails to timely cure the default, or fails to submit the requested loan modification documentation within the 15-day deadline, Secured Creditor shall be entitled to lodge a Declaration of Default and an Order Terminating the Automatic Stay. The Order shall be entered without further hearing. The automatic stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor and Secured Creditor may proceed with and hold a trustee's sale of the subject property, pursuant to applicable state law, and without further Court Order of proceeding being necessary, commence any action necessary to obtain complete possession of the subject Property, including unlawful detainer, if required. Upon disposition of collateral, secured collateral, secured creditor will amend or delete its Proof of Claim and provide Trustee notice of the same.

IT IS FURTHER ORDERED that if Debtor defaults on the payment obligations set forth herein on more than three (3) occasions, Secured Creditor may lodge a Declaration and Order Terminating the Automatic Stay.  The Order shall be entered without further hearing. The automatic stay shall be immediately terminated and extinguished for all purposes as to Secured Creditor and Secured Creditor may proceed with and hold a trustee's sale of the subject property, pursuant to applicable state law, and without further Court Order of proceeding being necessary, commence any action necessary to obtain complete possession of the subject Property, including unlawful detainer, if required. Upon disposition of collateral, secured creditor will amend or delete its Proof of Claim and provide Trustee with notice of the same.

///
///
///
///
///

IT IS FURTHER ORDERED that if this case is converted to a Chapter 7 proceeding, the automatic stay shall be terminated; or the automatic stay is terminated as a matter of law, the repayment terms of this Order shall immediately cease in effect and become null and void.

IT IS SO ORDERED.

Submitted by:
McCarthy & Holthus, LLP

/s/ Sherry A. Moore
Sherry A. Moore, Esq.
Kristin A. Schuler-Hintz, Esq.
9510 West Sahara Avenue, Suite 110
Las Vegas, NV 89117
702-685-0329

Approved/Disapproved

/s/David Krieger
David Krieger, Esq.
1020 Garces Avenue
Las Vegas, NV 89101
(702) 880-5554

Approved/Disapproved

No Appearance at Hearing; No additional Service required
Rick A. Yarnall
701 Bridger Ave., #820
Las Vegas, NV 89101

## ALTERNATIVE METHOD re: RULE 9021:

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Counsel appearing: David Krieger – signed 2/08/2011

Unrepresented parties appearing: None

Trustee: No Appearance at Hearing; No additional Service required.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted by:
McCarthy & Holthus, LLP

/s/ Sherry A. Moore
Sherry A. Moore, Esq.
Kristin A. Schuler-Hintz, Esq.

### ###